IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2003

## STATE OF TENNESSEE v. KENNETH MICHAEL BYRD, ALIAS

**Direct Appeal from the Criminal Court for Knox County**
**No. 68167     Ray L. Jenkins, Judge**

_____

**No. E2002-01589-CCA-R3-CD**
**May 9, 2003**
_____

Issue: Whether the issuance of a capias tolls the expiration of a probationary sentence. Upon this record, we conclude it does not. We reverse the revocation of the defendant's probation, concluding his probationary sentence had expired.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Mark E. Stephens, District Public Defender, and Robert C. Edwards and John R. Halstead, Assistant Public Defenders, for the appellant, Kenneth Michael Byrd, Alias.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Zane M. Scarlett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Kenneth Michael Byrd, pled guilty on June 21, 2000, to reckless driving, in violation of Tennessee Code Annotated section 50-10-205. He was sentenced to six months, with all except 48 hours on probation. His probation was to expire on December 21, 2000. On October 6, 2000, the trial court issued a capias for the defendant's arrest and placed the case in the inactive file. The defendant was arrested on the capias on May 5, 2002. On May 7, 2002, a pleading entitled "Violation of Probation" was filed. On June 7, 2002, the trial court revoked the defendant's probation and required him to serve the balance of his sentence. This appeal followed.

**Analysis**

The defendant simply argues that the issuance of the capias did not toll the expiration of the probationary period; therefore, the trial court was without jurisdiction or authority to revoke the defendant's probation.

The State, on the other hand, makes a compelling argument that a capias is synonymous to an arrest warrant. While acknowledging the capias would not satisfy due process requirements, they argue the "Violation of Probation" document amended the capias and corrected any due process defects.

Tennessee Code Annotated section 40-35-311 provides the procedure to revoke a suspended sentence or probation and provides as follows:

> (a) Whenever it comes to the attention of the trial judge that any defendant, who has been released upon suspension of sentence, has been guilty of any breach of the laws of this State or has violated the conditions of probation, the trial judge shall have the power to cause to be issued under such trial judge's hand a *warrant for the arrest of such defendant as in any other criminal case*. Regardless of whether the defendant is on probation for a misdemeanor or a felony, or whether the *warrant* is issued by a general sessions court judge or the judge of a court of record, such *warrant* may be executed by a probation officer or any peace officer of the county in which the probationer is found.

Tenn. Code Ann. §40-35-311(a) (1997) (emphasis added). It appears the clear intention of the legislature was to require a warrant for the arrest of a defendant who has committed a probation violation.

The State argues and supports it with authority that an arrest warrant and a capias are synonymous. There may be occasions in which this is true, but not in the instant case. The major hurdle in accepting the State's argument is a lack of information contained in this record. Here, there is no reason stated on the capias as to why it was issued. From this record, we see at least three possible reasons to issue a capias: (1) the defendant failed to report to jail to serve his 48 hours; (2) the defendant failed to appear in court on a report back date to evaluate his compliance with the conditions of probation; and (3) to arrest the defendant upon a probation violation. It is interesting to note that the "Violation of Probation" document filed on May 7, 2002, alleges only that the defendant failed to pay all costs associated with his probation. At the probation revocation hearing, the assistant district attorney stated, "The defendant pled guilty, was supposed to report for his sentence -- to serve his sentence and never showed up. A capias was issued, and he was served with that. Now if that, in and of itself, is not a violation of an agreement of a probative sentence, there is nothing that would be." The trial court's order revoking probation finds ". . . that the defendant has been guilty of violating the laws of this state and has otherwise violated the conditions of his probation." The notice to the defendant concerning the probation violations alleged, the statements of the assistant district attorney, and the findings of the trial court are irreconcilable to us on this record. Whether a capias issued for the purpose of arresting a probation violator tolls the expiration

of a probationary sentence will have to be answered another day, because the record before us is inconclusive as to the reason why the capias was issued.

## Conclusion

We conclude that the clear intent of the legislature in dealing with probation violations was the issuance of a warrant, and the issuance of such a warrant tolls the expiration of the probationary period. The capias issued in this case did not toll the expiration of the probationary period, in large part, because the record before us is inconclusive as to why the capias was issued. We reverse the trial court's judgment revoking the defendant's probation and conclude his probationary period has expired.

_____
JOHN EVERETT WILLIAMS, JUDGE